UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

*Plaintiff(s)*

MELISSA CURRIER,
as Administrator of the
ESTATE OF NICHOLAS B. CARPENTER

    and

JENNIFER RHODES,
As Administrator of the
ESTATE OF MICHELLE FENIMORE

    v.

*Defendant(s)*

MOOSE INTERNATIONAL, INC.

Civil Case Number: 1:20-cv-965

COMPLAINT

JURY TRIAL DEMANDED

## CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES AND JURISDICTION

1. Nicholas B. Carpenter was, at all relevant times hereto, a resident of the Town of Coventry, County of Orleans, in the State of Vermont, with a mailing address of 104 Howse Road, Coventry, Vermont 05825.

2. Melissa Currier is the mother of the deceased Nicholas Carpenter. She was appointed as Administrator of her son's estate by the Probate Court of Orleans County, Vermont on November 30th, 2017. The mailing address of the Estate of Nicholas Carpenter is P. O. Box 903, Derby, Vermont 05829.

1

3. Michelle J. Fenimore was, at all relevant times hereto, a resident of the Town of Brownington, County of Orleans, in the State of Vermont, with a mailing address of 98 Pray Lane, Brownington, Vermont 05860.

4. Jennifer Rhodes is the mother of the deceased, Michelle Fenimore. She was appointed as Administrator of her daughter's estate by the Probate Court of Orleans County, Vermont on February 20, 2018. The mailing address of the Estate of Michelle J. Fenimore is 218 Nebelski Road, Orleans, Vermont 05860.

5. Newport Lodge No. 1236, Loyal Order of Moose, Newport, New Hampshire ("Newport Moose Lodge") is a domestic non-profit corporation, registered in the State of New Hampshire and located at 18 Golf Club Road in Newport, New Hampshire 03773. It is licensed to serve alcoholic beverages by the State of New Hampshire Liquor Commission.

6. Moose International, Inc. ("Moose International") is a domestic non-profit corporation, registered in the State of Indiana, with its headquarters located at 155 North International Drive, Suite 2, Mooseheart, Illinois 60539. Moose International acts as the governing body and as the corporate structure for the Loyal Order of Moose. Moose International is not registered in the State of New Hampshire, yet it does substantial business in the State.

7. Plaintiffs allege an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

**8.** This court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) and because there is complete diversity of citizenship between the Plaintiffs and the Defendant.

## FACTUAL BACKGROUND

9. On Friday, September 22, 2017, Kristin Lake was at the Newport Moose Lodge in Newport, New Hampshire as a guest of a member. While there, she drank several alcoholic beverages to the point where she became intoxicated.

10. She left the Newport Moose Lodge at approximately 10:45 p.m., got into her motor vehicle, and proceeded to drive in a northerly direction on New Hampshire Route 10, intending to drive to her home in Sharon, Vermont.

11. At approximately the same time and place, Michelle Fenimore was operating a motor vehicle and traveling in a southerly direction on New Hampshire Route 10 in Croydon, New Hampshire.

12. At the same time and place, Nicholas Carpenter was a passenger in a motor vehicle operated by Michelle Fenimore, which was traveling on New Hampshire Route 10 in Croydon, New Hampshire in a southerly direction.

13. At approximately 11:15 p.m. Kristin Lake lost control of her vehicle. Her vehicle crossed the centerline of New Hampshire Route 10 in Croydon, New Hampshire and was traveling northerly in the southbound lane.

14. It appears as though Michelle Fenimore saw the Lake vehicle about to collide with her vehicle in the southbound lane and took evasive action to swerve to the left and into the northbound lane to avoid the imminent collision.

15. Kristin Lake suddenly realized that she was traveling in the wrong lane and about to collide with the Fenimore vehicle, and suddenly swerved back into the northbound lane.

16. The two vehicles collided with great force and, as a result, both Nicholas Carpenter and Michelle Fenimore died at the scene of the collision.

17. Kristin Lake was transported from the scene to Dartmouth Hitchcock Medical Center (DHMC) in West Lebanon, New Hampshire and was treated for her injuries.

18. At 1:09 a.m. on the following day, September 23, 2017, Kristin Lake consented to allow a blood sample to be taken while at DHMC.  The results of Ms. Lake's blood sample disclosed that her blood alcohol concentration (BAC) at the time of the blood draw was .144.

19. The law in the State of New Hampshire provides that a blood alcohol concentration of .08 or greater is prima facie evidence of intoxication while driving a motor vehicle on the roads of this state.  RSA 265-A:2.

## COUNT I – MOOSE INTERNATIONAL – NEGLIGENCE

20. IN A PLEA OF THE LAW, wherein all allegations contained in the preceding paragraphs are incorporated herein by reference.

21. Moose International is a fraternal organization that operates its activities in accordance with its governing documents, including its Bylaws.

22. Moose International authorizes the establishment of local Moose lodges in communities throughout the United States, Canada, Bermuda, and Great Britain, including the Newport Moose Lodge.

23. Because part of the ordinary functions of the local Moose lodges is the service of alcoholic beverages to its members and guests, Moose International has adopted Bylaws concerning the service of alcoholic beverages.

24. One of the specific provisions of the Bylaws concerning the service of alcohol states as follows:

> No person in a state of intoxication as determined by a server shall be allowed to enter or remain in any social quarters or home maintained or operated by

> any lodge. Lodges are required to comply will all federal, state, local statutes, rules, regulations, laws, and ordinances. Sales of alcoholic beverages to be consumed off premises (package sales) are prohibited.
>
> All persons dispensing and/or serving alcohol (employed or volunteer), both on premises and off, currently or prospectively, shall attend an approved alcohol server training program and be certified as having satisfactorily completed all requirements of said program.

Moose, The Family Fraternity, The General Laws §50.7 (2019).

25. Because Moose International has taken the steps of establishing Bylaws that apply to all Moose lodges concerning the service of alcoholic beverages, Moose International has the duty to make reasonable efforts to enforce its regulations concerning the service of alcoholic beverages by the individual lodges.

26. Despite its duty as stated above, Moose International breached its duty in that it failed to enforce its regulations concerning the service of alcoholic beverages.

27. Specifically, Moose International failed to properly educate bartenders, waiters, waitresses, servers, and administrators concerning the over service of alcoholic beverages, failed to give its agents the information needed to enforce said Bylaws as they relate to the service of alcoholic beverages, failed to implement a means to determine compliance with its own policies, to wit, the Bylaws, and failed to prevent an intoxicated person from leaving the lodge in an intoxicated state.

28. As a result of its breach of duty, on September 22, 2017, the guest of a member at the Newport Moose Lodge was served alcoholic beverages to a degree significantly exceeding the prima facie limits of alcohol concentration in her blood to legally or safely operate a motor vehicle in the State of New Hampshire.

29. But for the failure by Moose International to enforce its own policies, the motor vehicle crash would not have happened.

30. As a direct and proximate result of the negligence of Defendant Moose International in failing to enforce its own policies regarding service of alcoholic beverages and failing to properly educate and train the servers of alcoholic beverages to act consistent with its Bylaws, the late Mr. Carpenter sustained severe injuries, resulting in his death. Before his death, the late Mr. Carpenter experienced conscious physical and mental pain and suffering.

31. As a direct and proximate result of the negligence of Defendant Moose International in failing to enforce its own policies regarding service of alcoholic beverages and failing to properly educate and train the servers of alcoholic beverages to act consistent with its Bylaws, the late Ms. Fenimore sustained severe injuries, resulting in her death. Before her death, the late Ms. Fenimore experienced conscious physical and mental pain and suffering.

32. Consistent with New Hampshire's common and statutory law (including but not limited to N.H. RSA 556:12), Plaintiffs hereby make claims for the mental and physical pain suffered by the deceaseds in consequence of the injury, the probable duration of life but for the injury, the capacity to earn money during the late Mr. Carpenter's and Ms. Fenimore's probable working lives (including wages, benefits, and other income to be received), the loss of enjoyment of life/hedonic damages, the loss of retirement and/or Social Security benefits, the reasonable expenses.

33. WHEREFORE, the Plaintiffs demand a trial by jury and an award of damages from Defendant Moose International in an amount within the jurisdictional limits of this Court.

## **COUNT II – MOOSE INTERNATIONAL – VICARIOUS LIABILITY**

34. IN A PLEA OF THE LAW, wherein all allegations contained in the preceding paragraphs are incorporated herein by reference.

35. Newport Moose Lodge is an agent to Moose International, in that Moose International specifies specific rules and regulations, under which the local Moose lodges can operate.

36. Moose International is responsible for issuing charters to local Moose lodges, such as the Newport Moose Lodge.

37. One specific rule within Moose International's Bylaws relates to the service of alcoholic beverages, as quoted above.

38. Inasmuch as the Newport Moose Lodge obtained a charter from Moose International and served alcoholic beverages, it was subject to the direction and control of Moose International.

39. The Trustees, Governor, and Administrator of the Newport Moose Lodge who are responsible for the administration of those policies were appointed by Moose International.

40. Newport Moose Lodge had a legal duty pursuant to RSA 507-F:4 to refrain from negligently serving alcoholic beverages to an intoxicated person.

41. Newport Moose Lodge and its agents and employees knew or should have known that Kristin Lake was an intoxicated person at the time she was at the Newport Moose Lodge on September 22, 2017, yet nevertheless, employees of the Newport Moose Lodge negligently continued to serve alcoholic beverages to Kristin Lake, in violation of RSA 507-F:4.

Among other facts that may be discovered as this case progresses, the factual basis for Newport Moose Lodge's knowledge is that the Newport Moose Lodge overserved alcoholic beverages to Ms. Lake to the point where Ms. Lake was noticeably intoxicated. On the night of the car crash, at least two individuals offered Ms. Lake a place to stay for the night after she concluded drinking at the Newport Moose Lodge.

42. As a result of the negligent service of alcohol to Kristin Lake by Newport Moose Lodge, an agent of Moose International, Ms. Lake became intoxicated and then got into her motor vehicle to drive home. Shortly after leaving the Newport Moose Lodge she lost control of her motor vehicle and drove into the southbound lane, causing a collision which resulted in the death of Mr. Carpenter and Ms. Fenimore.

43. Despite the duty of Moose International to enforce its rules, regulations, and policies, it failed to do so, and, as a result, on September 22, 2017, Kristen Lake was overserved alcoholic beverages by a bartender at the Newport Moose Lodge to a point where she was significantly intoxicated, attempted to drive home, lost control of her vehicle, and crashed into Mr. Carpenter and Ms. Fenimore, causing their deaths.

44. As a direct and proximate result of the negligence of Newport Moose Lodge in negligently serving alcoholic beverages to an intoxicated person, the late Mr. Carpenter sustained severe injuries, resulting in his death. Before his death, the late Mr. Carpenter experienced conscious physical and mental pain and suffering. As the principal, Moose International is vicariously liable for its agents' actions, specifically Newport Moose Lodge's negligent service of alcohol.

45. As a direct and proximate result of the negligence of Newport Moose Lodge in negligently serving alcoholic beverages to an intoxicated person, the late Ms.

Fenimore sustained severe injuries, resulting in her death.  Before her death, the late Ms. Fenimore experienced conscious physical and mental pain and suffering.  As the principal, Moose International is vicariously liable for its agents' actions, specifically Newport Moose Lodge's negligent service of alcohol.

46. Newport Moose Lodge also had a legal duty pursuant to RSA 507-F:5 to refrain from reckless service of alcoholic beverages to an intoxicated person.

47. Newport Moose Lodge, through its agents or employees, recklessly served alcoholic beverages to Kristin Lake by intentionally serving alcoholic beverages to the said Kristin Lake when its agents or employees knew, or a reasonable person in her position should have known, that such service would create an unreasonable risk of physical harm to Kristin Lake or others, including Mr. Carpenter and Ms. Fenimore, in violation of RSA 507-F:5, by her intoxicated operation of a motor vehicle.

48. As a result of the reckless service of alcohol to Kristin Lake by Newport Moose Lodge, an agent for Moose International, Ms. Lake became intoxicated then got into her motor vehicle to drive home.  Shortly after leaving the Newport Moose Lodge, she lost control of her motor vehicle and drove into the southbound lane, causing a collision which resulted in the deaths of the Plaintiffs.

49. As a direct and proximate result of the recklessness of Newport Moose Lodge in recklessly serving alcoholic beverages to an intoxicated person, the late Mr. Carpenter sustained severe injuries, resulting in his death.  Before his death, the late Mr. Carpenter experienced conscious physical and mental pain and suffering.  As the principal, Moose International is vicariously liable for its agents' actions, specifically Newport Moose Lodge's reckless service of alcohol.

50. As a direct and proximate result of the recklessness of Newport Moose Lodge in recklessly serving alcoholic beverages to an intoxicated person, the late Ms. Fenimore sustained severe injuries, resulting in her death.  Before her death, the late Ms. Fenimore experienced conscious physical and mental pain and suffering.  As the principal, Moose International is vicariously liable for its agents' actions, specifically Newport Moose Lodge's reckless service of alcohol.

51. Consistent with New Hampshire's common and statutory law (including but not limited to N.H. RSA 556:12), Plaintiffs hereby make claims for the mental and physical pain suffered by the deceaseds in consequence of the injury, the probable duration of life but for the injury, the capacity to earn money during the late Mr. Carpenter's and Ms. Fenimore's probable working lives (including wages, benefits, and other income to be received), the loss of enjoyment of life/hedonic damages, the loss of retirement and/or Social Security benefits, the reasonable expenses occasioned to the estate by the injury and death and other injuries and losses.

52. WHEREFORE, the Plaintiffs demand a trial by jury and an award of damages from Defendant Moose International in an amount within the jurisdictional limits of this Court.

**WHEREFORE, THE PLAINTIFFS RESPECTFULLY REQUEST THAT THIS HONORABLE COURT:**

A. Grant the Plaintiffs a trial by jury and an award of damages from the Defendant;

B. Grant the Plaintiffs prejudgment interest and all taxable costs; and

C. Grant the Plaintiffs such other and further relief as may be just and equitable.

DATED:  September 22, 2020         Melissa Currier, as Administrator of the
                                                        Estate of Nicholas B. Carpenter

                                                      By and through her Attorneys
                                                      *Waystack Frizzell, Trial Lawyers*

By: /s/ Philip R. Waystack           By: /s/ Rebecca A. Witmon
    Philip R. Waystack, Esquire            Rebecca A. Witmon, Esquire
    NH Bar No. 2672                            NH Bar No. 269539
    P.O. Box 137                                   P.O. Box 137
    Colebrook, NH 03576                   Colebrook, NH 03576
    (603) 237-8322                               (603) 237-8322
    phil@waystackfrizzell.com           rebecca@waystackfrizzell.com

                                               By: /s/ Gregory P. Howe
                                                    Gregory P. Howe, Esquire
                                                    VT Bar No. 645
                                                    5346 US Rte 5
                                                    Newport, VT 05855-9472
                                                    (802) 334-6718
                                                    ghowe@howelawvt.com


                                                 Jennifer Rhodes, as Administrator of the
                                                 Estate of Michelle J. Fenimore

                                               By and through her Attorneys,
                                               Matthew J. Lahey, P.A.

                                           By: /s/ Matthew J. Lahey
                                               Matthew J. Lahey, Esquire
                                               NH Bar No. 1415
                                               25 Beacon Street East
                                               Laconia, NH 03246
                                               (603) 524-4494
                                               matt@laheylawnh.com